IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES W. TURNER & COMPANY, INC.** :<br> d/b/a **GATEKEEPER, INC.**, :<br> : C/A NO.  08-1590<br>    Plaintiff, :<br> : SECTION:    B<br>v. :<br> : MAG: 4<br>**R&D BAILEY SERVICES, INC.,** :<br> d/b/a **BAILEY INDUSTRIES** :<br> :<br>    Defendant. : | |

### MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FRCP 59(E)

Plaintiff herein respectfully requests that this Honorable Court alter and/or amend its Order dated October 30, 2008 granting Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. No. 7).  Plaintiff grounds its request on the fact that Defendant omitted material facts to this Honorable Court that the contracts that form the basis of the controversy in question are much greater than the requisite $75,000.00 jurisdictional amount.  This Honorable Court should exercise its considerable discretion under a Rule 59 (e) motion to correct this manifest error of fact.

1. **FACTS**

Plaintiff filed the Complaint in this matter on April 10, 2008.  Plaintiff's Complaint alleged that jurisdiction was based upon diversity of citizenship.

Thereafter, Defendant filed a motion to dismiss for lack of subject matter jurisdiction despite having actual knowledge that the contracts in controversy greatly exceeded the $75,000.00 jurisdictional amount required.  Pursuant to this Court's Order, Plaintiff attaches hereto Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for lack of Subject Matter Jurisdiction.  Attached to Plaintiff's Memorandum in Opposition is the sworn declaration of James Turner, president of Plaintiff.  His sworn declaration clearly establishes through Defendant's own invoicing to Plaintiff that the contracts made the controversy of the instant lawsuit greatly exceeded $75,000.00.

Despite having generated and having actual possession of the same invoices for the Projects with alleged defective materials, Defendant misrepresented to this Honorable Court that the dispute did not exceed $75,000.00.  See Record Document 7-2, p. 2.  Based upon Defendant's "amount in controversy" misrepresentation, this Honorable Court granted Defendant's Motion to Dismiss on October 30, 2008.  Plaintiff files this motion to alter or amend this Court's Order so that this manifest error of fact can be corrected.

2. **LAW**

Plaintiff's motion to alter or amend this Honorable Court's October 30, 2008 Order was filed within 10 business days of this Court's ruling, excluding federal holidays, and, thus, should be treated under Rule 59 (e).  See Brou-Hatheway v. LSU Health Sciences Center, C/A No. 05-2444, Section B(4) (E.D. La. 12-12-2006).  "A court has considerable discretion to grant or deny a motion under Rule 59 (e)."  Id.  "Generally, a Rule 59 (e) motion may be granted to correct a manifest error of law or fact, to allow a party to present newly discovered evidence that was previously unavailable, or to prevent a manifest injustice."  Id.

3. **ARGUMENT**

In the complaint, Plaintiff alleged that all of the materials provided by Defendant for the Projects in question were defective and suffered discoloration.  At the time of filing its Motion to Dismiss, Defendant had actual knowledge that the contracts in question totaled well over $300,000.00, and thereby unequivocally satisfied the subject matter jurisdictional limits of this Court.  Notwithstanding actual knowledge that the contracts in controversy exceeded $300,000.00, Defendant misrepresented to this Honorable Court that " . . ., [t]his controversy does not exceed the jurisdictional minimum required by

28 U.S.C. § 1332(a)(1)." <u>See</u> Record Document 7-2, p. 2.  In order for counsel for Defendant to make such an affirmative statement to this Honorable Court, Rule 11 of the Federal Rules of Civil Procedure required counsel to conduct a reasonable inquiry.  A brief review of the invoices made the subject of this lawsuit would have provided counsel and this Court with over $300,000.00 of controversy.  Counsel's inquiry was not reasonable particularly because the documents demonstrating clearly more than $75,000.00 in controversy were generated by Defendant.  Had Counsel conducted a reasonable inquiry (simply placing a telephone call to Defendant), the Motion to Dismiss for Lack of Subject Matter Jurisdiction could never have been filed by Defendant in good faith.

Moreover, Plaintiff has established clear proof that the contracts in controversy exceeded $300,000.00.  <u>See</u> Sworn Declaration of James Turner attached to Plaintiff's Memorandum in Opposition.  Because the correct facts of the amount in controversy of this matter unequivocally establish subject matter jurisdiction of this Court, this Court's Order of Dismissal creates a manifest injustice grounded in a material error of fact.  For these reasons, Plaintiff respectfully requests that this Honorable Court amend its previous ruling and deny Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Respectfully Submitted,

**CLEMENT GATES & MAY,**
**Counselors at Law,**
*A Limited Liability Company*

*/s/ David C. Clement*
_____
DAVID C. CLEMENT (#23687), T.A.
307 Tchoupitoulas Street, Suite 350
New Orleans, Louisiana 70130
Telephone:  (504) 598-2220
Facsimile:    (504) 598-2221
Email:  dcc@clementgate.com

Counsel for James W. Turner &
Company, Inc. d/b/a Gatekeeper, Inc.

**CERTIFICATE OF SERVICE**

I, David C. Clement, certify that on November 7, 2008 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Timothy S. Marcel.

*/s/ David C. Clement*